IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andrew Warren, | ) |
|       *Plaintiff,* | ) ) ) |
| -*vs*- | ) No. 17-cv- ) |
| Thomas Dart, Sheriff of Cook County, Cook County, Illinois, and Sabrina Rivero-Canchola, | ) ) ) ) |
|       *Defendants.* | ) ) ) ) |

## COMPLAINT

Plaintiff Andrew Warren, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Andrew Warren is an inmate at the Cook County Jail assigned booking number 2017-0820041.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for

accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5.  Defendants Dart and Cook County have received federal financial assistance since at least 2014.

6.  Defendant Rivero-Canchola is the ADA Compliance Officer for the Cook County Sheriff. Plaintiff sues Rivero-Canchola in her individual capacity.

7.  Plaintiff is significantly limited in the activity of hearing and communicating. He requires two functioning hearing aids or some other auxiliary aid to hear and communicate.

8.  Plaintiff was processed into the Jail on August 20, 2017. During this intake process, the Jail's medical staff determined that plaintiff is hard of hearing and caused an alert to be entered that plaintiff is "hearing impaired" in the Jail Management System.

9.  Since late August 2017, plaintiff's right hearing aid has been broken.

10. Plaintiff has also experienced substantial problems with his left hearing aid because the tubing around the device requires replacement as a result of normal use. In less than one month, this tubing will crack and cause the hearing aid to be unusable.

11. The Jail will not facilitate the repair of plaintiff's right hearing aid and will not help plaintiff acquire tubing so his right hearing aid is functional.

12. Plaintiff has missed uniform and laundry service simply because he cannot hear. Plaintiff is also not able to engage in religious services and therapy sessions on the same basis as other inmates.

13. Plaintiff experiences isolation and is vulnerable to risk of serious harm at the Jail.

14. Plaintiff has made verbal and written requests for the Jail to remedy the above described wrongdoing.

15. Defendants will not provide plaintiff any relief.

**Count I:    Deliberate Indifference Against Rivero-Canchola**

16. Defendants Dart and Cook County delegate responsibility to defendant Rivero-Canchola to accommodate "hearing impaired" inmates at the Jail.

17. Defendant Rivero-Canchola is aware that plaintiff has a serious medical condition because the medical staff entered an alert that plaintiff is "hearing impaired."

18. Since August 2017, defendant Rivero-Canchola has known that plaintiff's ability to hear has steadily declined.

19. She also knows that without function hearings aids or some other auxiliary aid, plaintiff experiences extreme isolation.

20. Defendant Rivero-Canchola is aware that inmates in plaintiff's condition are at significant risk of harm because they are unable to hear other inmates and staff. This is particularly dangerous in a correctional setting.

21. Defendant Rivero-Canchola told plaintiff that, pursuant to the Jail's policy, she will not facilitate the repair of plaintiff's right hearing aid and will not help facilitate a replacement tube for plaintiff's left hearing aid.

22. The continuing decline of plaintiff's ability to hear causes social isolation and leaves him at substantial risk of harm.

23. Defendant Rivero-Canchola has violated and continues to violate plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

### Count II: ADA/RA Violations at Cook County Jail Relating to Substantial Hearing Impairment

24. Plaintiff is hard of hearing and qualifies as a person with a disability protected by the ADA and Rehabilitation Act.

25. For the reasons above stated, defendants Dart and Cook County deprive plaintiff the benefit of various programs, services, and activities as a result of his disability.

26. Defendants Dart and Cook County have been and are deliberately indifferent to plaintiff's rights under the ADA and Rehabilitation Act.

27. The above described wrongdoing causes plaintiff physical and emotional pain and discomfort.

28. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court fashion prospective relief; that compensatory damages be awarded against all defendants; and that punitive damages be awarded against defendant Rivero-Canchola. Finally, plaintiff requests that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900
*Attorney for Plaintiff*